# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

## CASE NO. 23-12208-D

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **Appellee,** | ) |
| **v.** | ) |
| | ) |
| **SAMMIE LEE SIAS,** | ) |
| | ) |
| **Defendant/Appellant.** | ) |

_____

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA

### No. 1:21-cr-00048

_____

### BRIEF OF APPELLANT/DEFENDANT

_____

**JESSE W. OWEN**
**COUNSEL FOR APPELLANT**
**GEORGIA BAR NO. 556225**
*jowen@jesseowenlaw.com*

**Jesse W. Owen, PC**
**3540 Wheeler Road, Suite 315**
**Augusta, Georgia 30909**
**Telephone Number: (706) 426-3110**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT
_____
### CASE NO. 23-12208-D

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff/Appellee,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **SAMMIE LEE SIAS,** | ) |
| | ) |
| **Defendant/Appellant.** | ) |

_____

## RULE 26.1-2 CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

The undersigned counsel for the Appellant certifies that the following is a complete list of interested persons:

Crowder, Kenneth D., former Attorney for Appellant

    Epps, Hon. Brian K., United States Magistrate Judge

    Estes, David H., United States Attorney

    Hall, Hon. J. Randall, Chief United States District Judge

    Knoche, Karl Irving, Assistant United States Attorney

    Lyons, Tara, M., Assistant United States Attorney

Owen, Jesse Weatherspoon, Attorney for Appellant

Rhodes, Patricia Green, Assistant United States Attorney

Sias, Sammie, Lee, Defendant – Appellant

Steinberg, Jill E. Steinberg, United States Attorney

Stewart, David, Mitchell, former Attorney for Appellant

No publicly traded company or corporation has an interest in the outcome of this case or appeal.

This the 2nd day of October, 2023.

Respectfully submitted,

JESSE W. OWEN
ATTORNEY FOR APPELLANT

/s/ Jesse W. Owen
Jesse W. Owen
Attorney for Appellant
Georgia Bar No. 556225
*jowen@jesseowenlaw.com*

Jesse W. Owen, PC
3540 Wheeler Road, Suite 315
Augusta, Georgia 30909
Telephone Number: 706 426-3110

-ii-

## **STATEMENT REGARDING ORAL ARGUMENT**

Counsel does not feel that oral argument would aid the decisional process in this matter.

# **TABLE OF CONTENTS**

Certificate of Interested Persons……....................…………….…..i - ii

Statement Regarding Oral Argument....................………….…..iii

Table of Contents.......................................…………………....iv-v

Table of Citation…....................................……………………vi-vii

Table of Record References………………………………………viii-ix

Statement of Jurisdiction.......................................……………………x-xi

Statement of Issues.......................................……...……………....1

Statement of the Case.......................................….…………………1-8

      Pre Indictment Proceedings…………….………….…………1-2

      Indictment and Pre Trial Proceedings..……………………2-5

      Trial…………………………………………………......5-6

      Post Trial and Sentencing.……………………………….6-7

      Standard of Review……………………………….......7-8

Summary of Argument.......................................……………….....8-10

Argument and Citation of Authority.................……………….10-16

    I.      The Trial Court Should Have Granted Appellant's
             Rule 29 Motion………………………………………10-13

    II.     The Trial Court Should Have Granted Appellant's
             Rule 33 Motion………………………………………13-16

Conclusion.....................................…………………….........16-17

Certificate Regarding Brief Preparation…………………….............18

Certificate of Service.................................………...............19

## <u>TABLE OF CITATIONS</u>

**I. <u>Cases</u>:**                                                          **<u>Pages</u>**

<u>United States v. Armstrong</u> ……………………………………………14
546 F. Apex 936, 940 (11th Cir. 2013)

<u>United States v. Bender,</u>…………………………………………...13
290 F.3d 1279, 1284 (11th Cir. 2002)

<u>United States v. Costa</u> ….. ……………………………………13
691 F.2d 1358, 1363-64 (11th Cir.1982)

United States v. Katakis<u>.</u> ……………………………….……..9, 12, 16
800 F.3d 1017, 1029 (9th Cir. 2015)

<u>Massaro v. United States</u> …………………………………………13, 14
538 U.S. 500, 504- 05 (2003)

<u>United States V. O'Keefe</u> …………………………………………8
825 F.2d 314, 319 (11th Cir. 1987)

<u>United States v. Pedrick</u> ……<u>…..</u>……………………………8
181 F.3d 1264 (11th Cir. 1999)

<u>United States v. Pineiro.</u> ………..…………………….…………..8
389 F.Sd 1359, 1367 (11th Cir. 2004)

<u>United States v. Vicaria</u> …………………………………………8
12 F.3d 1 195, 198 (11th Cir. 1994)

<u>Strickland v. Washington,</u>…………………………………9,10, 15, 16, 17
466 U.S. 668, 104 S. Ct. 2052 (1984).

**II. <u>Constitution, Statutes, and Court Rules</u>:**          **<u>Pages</u>**

18 U.S.C. § 1519………………………………………………2, 8, 9, 10, 12

Fed. R. Crim. P. 29…………………………………………..1, 6, 7, 9, 10, 13,16

Fed. R. Crim. P. 33……………………………………………1, 8, 10,13

## <u>TABLE OF RECORD REFERENCES</u>

<u>United States v. Sias</u>,  1:21-cr-00048 (S.D. Ga. July 6, 2021)

Doc 1, Indictment…………………………………………….... 2,10

Doc 2, Penalty Certification……………………………..……….2

Doc 69, Minute Entry Jury Trial…………………………..…………6

Doc 70, Minute Entry Jury Trial……………………………………..6

Doc 78, Jury Verdict…………….……………………………………..6

Doc 81, Motion for New Trial………………………………………..x, 6

Doc 82, Motion for Ex Parte Hearing…..........................................6

Doc 84, Response to Motion for New Trial………………………..x

Doc 85, Minute Entry Ex Parte Hearing …………………………..x, 6

Doc 87, Pro Se Motion for New Trial…………………………….. x, 6

Doc 88, Order Allowing Withdrawal of Counsel …………………x, 7

Doc 108, Jury Trial Transcript……. ………………………1,5,6,10,11,12

Doc 109, Amended Motion for New Trial………………………….x,7

Doc 109-1, Affidavit of Sammie Lee Sias………………1,2,3,4,5, 9,15,16

Doc 109-3, Chain of Custody for Thumb Drive…………………2,4,15

Doc 114, Response to Amended Motion for New Trial………….x,7

Doc 115, Order Denying Motion for New Trial..………………xi,7

Doc 118, Judgement …………………………………………….x,xi ,7

Doc 119, Notice of Appeal…………………………………….xi,7

## STATEMENT OF JURISDICTION

This is a direct appeal from a final judgment and sentence in a criminal case entered on June 20, 2023. [Doc 118]. On August 2, 2022, Defendant-Appellant Sammie Lee Sias was convicted of one count of possession of destruction, alteration, or falsification of records in a federal investigation in violation of 18 U.S.C. § 1519 and one count of  false statement or representation made to a department or agency of the United States in violation of 18 U.S.C. § 1001(a)(2), [Doc 79].  On August 12, 2022 the Appellant's prior counsel filed a Motion for New Trial. [Doc 81].  On August 12, 2022 the defendant filed a Pro Se Motion for New Counsel. [Doc 87].  On August 26, 2022 the Government filed its response to the Appellant's Motion for New Trial. [Doc 84].   On August 30, 2023 the Magistrate Judge held an Ex Parte hearing on Appellant's Motion for New Counsel.  [Doc 85].  On August 31, 2022 the Magistrate Judge granted the Appellant's request for new counsel, permitted Appellant's prior counsel to withdraw, appointed the undersigned as counsel for the Appellant, and gave the Appellant additional time to amend the Motion for New trial filed by prior counsel. [Doc 88].   On March 7, 2023 the Appellant filed his Amended Motion for New Trial.  [Doc 109].  On May 18, 2023 the Government filed its response  to the Appellant's Motion for New Trial. [Doc 114].    On May 31, 2023 the District

Court denied the Appellant's Motion for New Trial. [Doc 115].

On June 20, 2023, the District Court imposed a sentence of 36 months of imprisonment on count one followed by 3 years supervised release, a fine of $5000 and a $100 special assessment and imposed a sentence on count two of 36 months of imprisonment on count one followed by 3 years supervised release, and a $100 special assessment. The Court ordered that the sentences run concurrently. [Doc 118]. On June 30, Appellant filed his Notice of Appeal in this matter. [Doc 119].

This Court possesses jurisdiction over the pending appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## STATEMENT OF ISSUES

(1) Whether the District Court erred in denying the Appellants' motion for judgement of acquittal under Federal Rule of Criminal Procedure 29.

(2) Whether the District Court erred in denying the Appellants' motion for new trial under Federal Rule of Criminal Procedure 33.

## STATEMENT OF THE CASE

The Appellant has been incarcerated since he reported to the Federal Bureau of Prisons on August 21, 2023.

**A.    Course of Proceedings and Statement of Facts:**

**1. Pre Indictment Proceedings**

In January of 2019 the FBI Special Agent Charles McKee began investigating an allegation that Appellant had been inappropriately using SPLOST money intended for the use at the Jamestown Community Center in Augusta, Georgia for personal benefit.  [Doc 108 - Pg 440].  On August 5, 2019 at 5:50 p.m. Appellant was served with an FBI subpoena to produce certain documents.  [Doc 108 - Pg 448]. Appellants HP laptop and certain other devices were seized by the FBI during a search of Appellants house on August 8, 2019. [Doc 108 - Pg 451]. Appellant retained the law firm of Crowder Stewart on October 19, 2019 to represent him in pre-indictment proceedings. [Doc 109-1- Pg 1].  In response to an

FBI subpoena dated September 11, 2019, requesting certain specific computer files, the Appellant gave a USB thumb drive containing the requested files to Crowder Stewart attorney Troy Clark on May 6, 2020, with specific instructions to make two copies, one for the Mr. Clark and one for Appellant and to give the original to the FBI.   [Doc 109-1 – Pg 2]. Crowder Stewart never followed those instructions.  [Doc 109-1 - Pg 2].  See Also [Doc 109-3].

The original thumb drive; in a sealed evidence bag was included in the file transferred from Crowder Stewart to the undersigned on October 11, 2022. [Doc 109-3].

## 2.  Indictment and Pre Trial Proceedings

On July 6, 2021, the Appellant was charged in the Southern District of Georgia in a two-count indictment with offenses alleged to have occurred on August 5, 2019 and August 9, 2019.  United States v. Sias,  (S.D. Ga. July 6, 2021) [Doc   1].  The grand jury charged Appellant with: two counts: (1) destruction, alteration, or falsification of records in a federal investigation in violation of 18 U.S.C. § 1519 and (2) false statement or representation made to a department or agency of the United States in violation of 18 U.S.C. § 1001(a) (2).   [Doc 1]. Counts One and Two carried possible statutory sentences of not more than twenty and five year's imprisonment, respectively.  [Doc  2].

Shortly after the indictment was issued Mr. Clark informed Appellant that he could no longer represent Appellant in this matter because he may be called as a witness to testify regarding the thumb drive.  [Doc 109-1 – Pg - 6].

Initially Mr. Clark told Appellant that the entire Crowder Stewart firm would be disqualified and that they would assist him in finding new counsel.  Later Crowder Stewart informed Appellant that the other members of the firm could represent him, but that would remain disqualified from the case. [Doc 109-1 – Pg 6].

On August 3, 2021 Appellant retained Crowder Stewart to represent him in the trial of this matter. Under the retainer agreement he would pay Crowder a flat fee of $100,000.00 with a $50,000 payment made on August 3, 2021.   The remainder would be paid as soon as possible.  [Doc 109-1 – Pg 1].

 During his initial meeting with David Stewart, Appellant asked him if Mr. Clark would be in trouble because he had not delivered the thumb drive to the government. Mr. Stewart sharply replied in a raised tone, "You might be the one in trouble."   Appellant was shocked by this response and therefore did not further pursue the issue. At a later meeting Appellant asked Kenneth Crowder the same question.  Mr. Crowder replied, "Troy Clark is a good attorney."  When pressed on the issue Mr. Crowder became angry and sharply replied, "I wasn't there." [Doc

109-1 – Pg 7-8].

Frustrated by his attorneys' failure to follow his instructions Appellant began seeking outside counsel for advice on this issue. He consulted with other attorneys on the issue both before and after his trial. [Doc 109-1 – Pg 7-8].

As early as September 2021 Appellant had lost confidence in Crowder Stewart and no longer trusted his attorneys. He would have fired them at the time, but was not financially able to do so. [Doc 109-1 – Pg 7-8].

On July 16, 2021; without informing Appellant; Mr. Clark sent the thumb drive to Tec Inquiries, Inc., located in Indian Rocks Beach, Florida for a forensic evaluation. [Doc 109-3]. See Also [Doc 109-1 – Pg 8]. The thumb drive was returned to Crowder Stewart on March 3, 2022. [Doc 109-3]. Crowder Stewart discussed the forensic report received with the return of the original thumb drive with Appellant, but did not share a copy of the report with him. However he was never given a copy of the forensic report. [Doc 109-1 – Pg 9].

At one point Crowder Stewart told Appellant that they planned to leave the thumb drive in Florida with the forensic examiner for the duration of the case. Appellant disagreed with this decision and requested that Crowder Stewart return the original thumb drive to him; so that he could present it to the government and

or use it at trial as part of his defense. [Doc 109-1 – Pg 9]. Additionally Appellant no longer trusted his attorneys he believed that he would be better off with custody of the thumb drive. [Doc 109-1 – Pg 9].   Crowder Stewart may contend that Appellant agreed with their decision, but this is simply not true.  [Doc 109-1 – Pg 8-10].

### 3. <u>Trial</u>

Appellant's trial began on July 26, 2022. [Doc. 87].   The government's first witness was Charles A. McStotts, an Information Technology Specialist Forensic Examiner employed by the FBI.  [Doc 108 – Pg 43].  Mr. McStotts testified that at the request of FBI Special Agent Charles McKee he examined the Appellant's HP laptop to look for deleted files and devices that had been connected to the laptop. [Doc 108 - Pg 62 - 63].  Mr. McStotts testified that on August 5, 2019 between 8:03 PM and 8:05 PM 3,241 relevant files were deleted from Appellant's HP laptop.  [Doc 108 - Pg 76]. See Also [Doc 108 - 104 -105].

On cross examination Mr. McStotts testified that all of the deleted files were still present on the Appellant's HP laptop.  [Doc 108 - Pg 167].  Mr. McStotts explained that the allegedly deleted files were present in the Volume Shadow Copy portion of the HP laptop.  [Doc 108 - Pg 167-174]  Earlier Mr. McStotts had explained the Volume Shadow Copy is part of the Microsoft Windows system

restore feature originally installed on the HP laptop by the manufacturer. [Doc 108 - Pg 50-51]. Mr. McStotts further testified that system restore feature on the HP laptop could have been used to restore the deleted files, but no one asked him to do so. [Doc 108 - Pg 174-177].

On July 28, 2022, Appellant moved for a judgment of acquittal, pursuant to Fed. R. Crim. P. 29, after the government rested its case-in-chief. [Doc. 108, Pg 598]. See Also [Doc 69]. Appellant's motion was taken under advisement and subsequently denied by the Court on July 29, 2022. [Doc 108, Pg 624 - 628]. See Also [Doc 70]. Thereafter, the jury returned a verdict of guilty on both counts of the Indictment later that same day. [Doc 78].

### 3. **Post Trial and Sentencing:**

On August 12, 2022, Appellant filed a personal memorandum with the court requesting a new trial and appointment of new counsel. [Doc 87].

On August 12, 2022, Crowder Stewart filed a motion for Judgement of Acquittal or in the alternative, for a New Trial. [Doc 81].

On August 25, 2022 Crowder Stewart filed a motion for an Ex Parte Hearing on the issues raised in the Appellant' exparte filing. [Doc 82]. The Court conducted an Ex Parte Hearing on August 30, 2022. [Doc 85]. The Court granted Appellant's request for court-appointed counsel and appointed the

undersigned to represent Appellant in this matter. The Court stayed a ruling on the defendant's motion for a new trial. [Doc 88].

On March 7, 2023 Appellant filed his Amended Motion for New Trial. [Doc 109]. On May 18, 2023 the government filed its response to Appellant's Motion for New Trial. [Doc 114]. On May 31, 2023 the District Court denied Appellant's Motion for New Trial. [Doc 115].

On June 20, 2023, the District Court imposed a sentence of 36 months of imprisonment on count one followed by 3 years supervised release, a fine of $5000 and a $100 special assessment and imposed a sentence on count two of 36 months of imprisonment on count one followed by 3 years supervised release, and a $100 special assessment. The Court ordered that the sentences run concurrently. [Doc 118]. On June 30, Appellant filed his Notice of Appeal in this matter. [Doc 119].

**B.    <u>Standard of Review</u>**

**1. <u>Rule 29</u> <u>Motion for Judgment of Acquittal:</u>**

A motion for judgment of acquittal should be granted only if "the evidence is insufficient to sustain a conviction" of the offense charged. Fed. R. Crim. P. 29(a). In considering a Rule 29 motion, "the trial court is required to determine whether, viewing all the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's

verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." United States V. O'Keefe, 825 F.2d 314, 319 (11th Cir. 1987) (citations omitted). The verdict must stand if there is substantial evidence to support it, that is, "unless no trier of fact could have found guilt beyond a reasonable doubt." United States v. Pineiro, 389 F.Sd 1359, 1367 (11th Cir. 2004) (citation and quotation marks omitted).

**2. Rule 33 Motion for New Trial:**

The Court may grant a new trial if required in the interest of justice. The interest-of-justice standard is "a broad standard" that "is not limited to cases where the district court concludes that its prior ruling, upon which it bases the new trial, was legally erroneous." Fed. R. Crim. P. 33. See Also: United States v. Vicaria, 12 F.3d 1 195, 198 (11th Cir. 1994). The decision to grant or deny a new trial motion is within the sound discretion of the trial court. United States v. Pedrick, 181 F.3d 1264 (11th Cir. 1999) (affirming Judge Alaimo's grant of a motion for new trial).

## SUMMARY OF ARGUMENT

The government did not present sufficient evidence to convict Appellant of the crimes alleged in the Indictment.  A deletion on a computer is not actual destruction. And the fact that deleted files were "not displayed to the user" is a "degree of concealment . . . not sufficient to satisfy § 1519." United States v.

Katakis, 800 F.3d 1017, 1029 (9th Cir. 2015). In other words, deletion is not concealment when the deletion can be undone without forensic tools. Id. at 1030. The testimony of the FBI's computer expert in this case about Microsoft Windows' recovery process leads to the conclusion that the deleted files were in the same place on the hard drive just waiting to be accessed without forensic tools. [Doc. 108 – Pg 50-51]. See Also [Doc. 108 – Pg 167-174]. The fact that the FBI chose to use a forensic tool such as the FTK program instead of Microsoft Windows to look at the deleted files does not establish a degree of concealment sufficient to satisfy § 1519. Moreover, regarding Count Two, the evidence was likewise insufficient to sustain a conviction. Therefore the District Court should have granted the Appellant's Rule 29 Motion.

If Crowder Stewart had given the thumb drive to the government as instructed Appellant may not have been indicted in this case. Appellant contends that the thumb drive contains all of the files requested by the government by way of the September 11, 2019 subpoena. [Doc 109-1 – Pg 9]. Additionally if the thumb drive had been presented to the government that would have been all of the information that was in his possession and he may not have been charged with making a false statement. Surely this is the type of deficient and prejudicial performance anticipated by Strickland. There is no doubt that if Crowder Stewart

had given the thumb drive to the government that would have altered the outcome of this case.   Strickland v. Washington, 466 U.S. 668, 688, 684 (1984).

Therefore, Counsel was constitutionally ineffective under the two prongs of Strickland v. Washington 466 U.S. 668 (1984) by exhibiting a deficient performance with a prejudicial effect.  Consequently the District Court should have granted Appellant's Rule 33 Motion.

## ARGUMENT AND CITATION OF AUTHORITY

### I.    The Trial Court Should Have Granted Appellants Rule 29 Motion

The government did not present sufficient evidence to convict Appellant of the crimes alleged in the Indictment.

In count one of the Indictment Appellant was charges with the destruction, alteration, or falsification of records in a federal investigation in violation of 18 U.S.C. § 1519.  [Doc 1].  Specifically the government alleged that Appellant "did knowingly alter, destroy, mutilate, conceal, and coverup records, documents and other objects, to wit, digital files belonging to Sandridge Community Association (SCA)…".  [Doc 1].  At trial the government sought to prove this allegation through the testimony of FBI Special Agent Charles McKee and FBI Information Technology Specialist Forensic Examiner Charles A. McStotts.  [Doc 108 – Pg 438 – 596. See Also [Doc. 108 – Pg 40-202].

Agent McKee testified that on August 5, 2019 at 5:50 p.m., he served Appellant with an FBI subpoena to produce certain documents. [Doc 108 – Pg 448]. He further testified that when he examined Appellant's HP Laptop he found that certain documents were deleted from it at 6:05 p.m., on August 5, 2019. [Doc 108 - Pg 455-456].

Mr. McStotts testified that at the request of FBI Special Agent Charles McKee he examined the Appellant's HP laptop to look for deleted files and devices that had been connected to the laptop. [Doc 108 - Pg 62 - 63]. Mr. McStotts testified that on August 5, 2019 between 8:03 PM and 8:05 PM 3,241 relevant files were deleted from Appellant's HP laptop. [Doc 108 - Pg 76]. See Also [Doc 108 - Pg 104 -105].

On cross examination Mr. McStotts testified that all of the deleted files were still present on the Appellant's HP laptop. [Doc 108 - Pg 167, l 2-22]. Mr. McStotts explained that the allegedly deleted files were present in the Volume Shadow Copy portion of the HP laptop. [Doc 108 - Pg 167-174] In earlier testimony Mr. McStotts had explained the Volume Shadow Copy is part of the Microsoft Windows system restore feature originally installed on the HP laptop by the manufacturer. [Doc 108 - Pg 50-51]. On cross examination Mr. McStotts admitted that the deleted files could be viewed using the software originally

installed on the laptop by its manufacturer. [Doc 108 - Pg 167-177].   In fact during cross examination Mr. McStotts viewed one of the allegedly deleted files in the presence of the jury. [Doc 108 - Pg 170].      Mr. McStotts further testified that system restore feature on the HP laptop could have been used to restore the deleted files, but no one asked him to do so.  [Doc 108 - Pg 174-177].

According to United States v. Katakis a deletion on a computer is not actual destruction. And the fact that deleted files were "not displayed to the user" is a "degree of concealment . . . not sufficient to satisfy § 1519."   United States v. Katakis, 800 F.3d 1017, 1029 (9th Cir. 2015).   In other words, deletion is not concealment when the deletion can be undone without forensic tools. Id. at 1030. The testimony of the FBI's computer expert in this case about Microsoft Windows' recovery process leads to the conclusion that the deleted files were in the same place on the hard drive just waiting to be accessed without forensic tools.  [Doc 108 – Pg 167-177]. See Also [Doc 108 - Pg 50-51].  The fact that the FBI chose to use a forensic tool such as the FTK program instead of Microsoft Windows to look at the deleted files does not establish a degree of concealment sufficient to satisfy § 1519. Additionally the fact that Mr. McStotts was able to view one if the allegedly deleted files during the trial in the presence of the jury without the use of any forensic tools proves otherwise. [Doc 108 - Pg 170].   Therefore the Court should

have granted the Appellants Rule 29 motion as to count 1 of the Indictment.

Regarding Count Two of the Indictment, the evidence was likewise insufficient to sustain a conviction. Quite simply for the reason that the allegedly deleted files were not actually deleted from the HP laptop therefore Appellant had turned over all paper and electronic files in his possession on August 9, 2019 when he made the allegedly false statement to Agent McKee. Consequently the Court should have granted Appellants Rule 29 Motion as to Count Two of the Indictment.

## II.    The Trial Court Should Have Granted Appellants Rule 33 Motion

### A. Defense Counsel was Ineffective and Altered the Outcome

Appellate Courts generally do not hear claims of ineffective assistance of trial counsel raised on direct appeal where the district court did not entertain the claim or develop a factual record. United States v. Cost, 290 F.3d 1279, 1284 (11th Cir. 2002). Typically, such claims are preferably raised in motions to vacate pursuant to 28 U.S.C. § 2255. Massaro v. United States, 538 U.S. 500, 504- 05 (2003). However, the Court may hear ineffective-assistance claims on direct appeal if the record is sufficiently developed. United States v. Costa, 691 F.2d 1358, 1363-64 (11th Cir.1982). As set forth below in the record in this case as it pertains to Appellant's ineffective assistance of counsel claim is sufficiently developed for

the Court to consider it. Therefore the District Court erred in not considering Appellant's ineffective assistance of counsel claim.

Ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). See Massaro v. United States, 538 U.S. 500, 505 (2003); United States v. Armstrong, 546 F. Apex 936, 940 (11th Cir. 2013) (per curiam). The Defendant must show that counsel was constitutionally ineffective under the two prongs of Strickland by proving defense counsel's performance was deficient and prejudicial.

Under the first prong, Appellant must show that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688. Under the prejudice prong of Strickland, an appellant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 694.

Representation of a criminal defendant includes certain basic duties. Counsel's is to assist the defendant and owes the client a duty of loyalty. From Counsel's function as the defendant's assistant and advocate, stems the more important duties to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution. *Id*. at 688. This is where Crowder Stewart failed Appellant.

Appellant gave the thumb drive to Crowder Stewart in May 2020, 13 months prior to the indictment by the government. He directed Crowder Stewart to turn the thumb drive evidence over to the FBI to answer their September 2019 subpoena. Crowder Stewart never followed those instructions. [Doc 109-1 – Pg 1]. See Also [Doc 108-3].

Crowder Stewart sent the thumb drive to Florida for a forensic examination without informing the Appellant. This was done: eight (8) business days after Appellant was indicted; three (3) days before Appellant Met with Mr. Clark regarding the conflict of interest, and Fifteen (15) days before he agreed to pay Crowder Stewart and additional $100,000 for representation in this matter. [Doc 109-1 – Pg 1-2]. See Also [Doc 109-1 – Pg 5-6]. See Also [Doc 109-3]. The thumb drive remained there for over seven months. [Doc 109-3]  When it was returned to Crowder Stewart they refused to return it to Appellant. [Doc 109-1 – Pg 9]. Additionally the firm did not provide him with a copy of the forensic examination report. [Doc 109-1 – Pg 1-2]. See Also [Doc 109-1 – Pg 5-6]. Crowder Stewart had control of the thumb drive for two years and five months but never gave it to the government in defiance of their Client's instructions to do so. [Doc 109-1 – Pg 9]. See Also [Doc 109-3].

If Crowder Stewart had given the thumb drive to the government as instructed Appellant may not have been indicted in this case. Appellant contends that the thumb drive contains all of the files requested by the government by way of the September 11, 2019 subpoena. [Doc 109-1 – Pg 9]. Additionally if the thumb drive had been presented to the government that would have been all of the information that was in his possession and he may not have been charged with making a false statement. Surely this is the type of deficient and prejudicial performance anticipated by Strickland. Additionally there is no doubt that if Crowder Stewart had given the thumb drive to the government that would have altered the outcome of this case. Strickland v. Washington, 466 U.S. 668, 688, 684 (1984).

Obviously Crowder Stewart's trial performance was deficient, prejudicial and changed the outcome of the case. This certainly satisfies the requirements of Strickland v. Washington, 466 U.S. 668, 688, 684 (1984).

## CONCLUSION

As set forth above in Section I of his argument the Appellant has demonstrated that the District Court should have granted his Rule 29 motion. Therefore this Court should find that the Appellant's Rule 29 Motion should have been granted under United States v. Katakis, 800 F.3d 1017, 1029 (9th Cir. 2015)..

-16-

As set forth above in Section II of his argument the Appellant has shown that Crowder Stewart provided ineffective assistance of counsel during pre-indictment and pre-trial of  this case with prejudicial effect.  Having satisfied the two prongs set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) this Court should overturn the Appellant's conviction.

This 2[th] day of October, 2023.

Respectfully submitted,

<u>/s/ Jesse W. Owen  </u>
Jesse W. Owen
Attorney for Appellant
Georgia Bar  556225
*jowen@jesseowenlaw.com*

Jesse W. Owen, PC
3540 Wheeler Road, Suite 315
Augusta, Georgia 30909
Telephone Number: 706 426-3110

## <u>CERTIFICATE REGARDING BRIEF PREPARATION</u>

Appellant's brief is composed using 14 point Time Roman font and is less than thirty pages in length.

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date served a copy of the within and foregoing Brief of Appellant by placing a true and accurate copy of same in the United States Mail, properly addressed and with sufficient postage affixed thereto as is required by law, and addressed as follows:

> Mr. Sammie Lee Sias
> Register Number 58538-509
> FCI Williamsburg
> Federal Correctional Institution
> P.O. Box 340
> Salters, South Carolina 29590
>
> Mr. Justin Davids
> U.S. Attorney's Office - Savannah
> 22 Barnard Street, Suite 300
> P.O. Box 8970
> Savannah, Georgia, GA 31401

This 2nd day of October, 2023.

> /s/ Jesse W. Owen
> Jesse W. Owen
> Attorney for Appellant
> Georgia Bar  556225
> *jowen@jesseowenlaw.com*

Jesse W. Owen, PC
3540 Wheeler Road, Suite 315
Augusta, Georgia 30909
Telephone Number: 706 426-3110